## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| **NATHAN O'LEATH,** | CIVIL ACTION-LAW |
| Plaintiff, | |
| | No. |
| v. | |
| **THE PLUM BOROUGH SCHOOL DISTRICT, DAYNE E. DICE and BRUCE E. DICE & ASSOCIATES, P.C.,** | COMPLAINT IN CIVIL ACTION |
| Defendants. | Filed on Behalf of the Plaintiff |

Counsel of Record for this Party:

ROBERT O LAMPL
PA I.D. #19809

JAMES R. COONEY
PA I.D. #32706

RYAN J. COONEY
PA I.D. #319213

SY O. LAMPL
PA I.D. #324741

ALEXANDER L. HOLMQUIST
PA I.D. #314159

Benedum Trees Building
223 Fourth Avenue
Fourth Floor
Pittsburgh, PA  15222
(412) 392-0330 (phone)
(412) 392-0335 (facsimile)

Exhibit "A"

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| **NATHAN O'LEATH,** | **CIVIL ACTION-LAW** |
|       Plaintiff, | |
|       v. | No. |
| **THE PLUM BOROUGH SCHOOL DISTRICT, DAYNE E. DICE and BRUCE E. DICE & ASSOCIATES, P.C.,** | |
|       Defendants. | |

## NOTICE TO DEFEND

**You have been sued in court.** If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the Case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

      **YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**
      **IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

**Lawyer Referral Service**
**The Allegheny County Bar Association**
**11th Floor Koppers Building**
**436 Seventh Avenue**
**Pittsburgh, PA 15219**
**(412) 261-5555**

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| **NATHAN O'LEATH,** | **CIVIL ACTION-LAW** |
| Plaintiff, | |
| v. | No. |
| **THE PLUM BOROUGH SCHOOL DISTRICT, DAYNE E. DICE and BRUCE E. DICE & ASSOCIATES, P.C.,** | |
| Defendants. | |

## COMPLAINT IN CIVIL ACTION

**AND NOW**, the Plaintiff, Nathan O'Leath, by his attorneys, Robert O Lampl, James R. Cooney, Ryan J. Cooney, Sy O. Lampl and Alexander L. Holmquist, files the within Complaint:

**The Parties:**

1. The Plaintiff is Nathan O'Leath (O'Leath), an adult individual residing at 54 Sierra Drive, Pittsburgh, PA 15239.

2. The Defendant, Plum Borough School District (the School District), is a local agency with offices at 900 Elicker Road, Plum, PA 15239.

3. The Defendant, Dayne E. Dice (Dice), is an adult individual with offices at 787 Pine Valley Drive, Suite E, Pittsburgh, PA 15239-2842.

4. The Defendant, Bruce E. Dice & Associates, P.C. (Dice Associates), is a professional corporation with offices at 787 Pine Valley Drive, Suite E, Pittsburgh, PA 15239-2842.

3

**Background:**

5. O'Leath, along with his wife, Nicole O'Leath (the O'Leaths) are residents and taxpayers in the Plum Borough School District.

6. The O'Leaths are the parents of 2 minor children, ages 7 and 10.

7. Prior to January 26, 2021, the O'Leath's children were enrolled as students in the Plum Borough School District.

8. Dice is an attorney who is licensed to practice law in the Commonwealth of Pennsylvania.

9. At all times material hereto, Dice was acting on behalf of Dice Associates.

10. Dice Associates is the solicitor for the School District.

**The Hybrid Education Model:**

11. In March of 2020, the School District implemented a "full remote learning program" in response to the Covid-19 pandemic.

12. In September of 2020, the School District implemented a "hybrid education model." Pursuant to the "hybrid education model," students attend in-person classes 2 days a week, and the other 3 days are limited to remote classes.

13. The O'Leaths, along with many other parents in the School District, have expressed objections to the hybrid education model.

14. Instead, the O'Leaths (and many others) believe that the school children are better served by in-person learning 5 days a week.

**The January 26th Board Meeting:**

15.     The Plum Borough School Board conducts "Action Meetings" on a monthly basis.

16.     Pursuant to the Sunshine Act, *65 Pa.C.S.701 et seq.,* the School Board meetings are required to be open to the public. See, *65 Pa.C.S.704.*

17.     A portion of each Action Meeting is dedicated to "citizens' comments" on School Board Agenda items. In fact, public participation is required at school board meetings by the Sunshine Act. See, *65 Pa.C.S.710.1.*

18.     The O'Leaths attended the Action Meeting that was held on January 26, 2021.

19.     Defendant Dice also attended the Action Meeting as solicitor for the School District.

20.     During the "citizens' comments" portion of the Meeting, several parents expressed their objections to the hybrid education model employed by the School District.

21.     Crista Casper spoke first and asserted that her minor daughter was in desperate need of in-person learning 5 days a week.

22.     O'Leath also addressed the school board members.

23.     O'Leath expressed his dissatisfaction with the hybrid education model, and chided the school board members for their failure to act in the best interests of the students, calling the board members "weak."

23.     During the course of his address, O'Leath made reference to Mrs. Casper's daughter as an example of the board's failure to meet the needs of

students in the district.

**The conspiracy to retaliate:**

24. O'Leath believes and therefore avers that the School Board conspired with its solicitor, Dice, to retaliate against O'Leath for the exercise of his First Amendment rights at the Action Meeting.

25. O'Leath has been advised that, after the meeting, the members of the Board conducted a private meeting (either in person or by phone) which included Defendant Dice.

26. During the private meeting, the Board voted to retaliate against O'Leath by filing criminal charges against him for harassment.

27. The Board also voted to prohibit O'Leath from entry upon any of the School District's property.

28. The Board also decided to remove O'Leath's comments from the video recording of the public meeting.

**Overt acts in furtherance of the conspiracy:**

29. Following the meeting, the members of the Board, along with Defendant Dice, engaged in a series of overt acts in furtherance of the conspiracy.

30. One of the Board Members called the Child Abuse Hotline and accused O'Leath of "harassment" of Krista Casper's daughter.

31. On January 28, 2021, a Plum Borough police officer visited Krista Casper at her home and asked if she was willing to file harassment charges against O'Leath. Ms. Casper declined.

32.  On February 4, 2021, Defendant Dice sent a letter to O'Leath, which wrongfully asserted that O'Leath had "accosted a child" during the Action Meeting on January 26, 2021. A true and correct copy of Dice's letter is attached hereto as Exhibit "A."

33.  As indicated, Dice advised O'Leath that he had been banned from all public school property and that any violation would be treated as a Defiant Trespass under *18 Pa.C.S. 3503.*

**The within case:**

34.  As a result of the Defendants' illegal harassment, the O'Leaths were forced to remove their children from the Plum Borough School District and enroll them in a private school.

35.  O'Leath now files the within action to recover for the Defendants' violation of his civil rights pursuant to *42 U.S.C. 1983.*

**COUNT 1:**

**Defendants engaged in First Amendment retaliation:**

36.  The Plaintiff hereby incorporates paragraphs 1 through 35 above as if set forth in their entirety.

37.  As set forth above, O'Leath believes and therefore avers that the Defendants engaged in a conspiracy to retaliate against him for the exercise of his First Amendment rights at the Action Meeting on January 26, 2021.

38.  The First Amendment right to free speech includes not only the affirmative right to speak, but also the right to be free from retaliation by a public official for the exercise of that right. See, *Suarez Corp. Indus. v. McGraw*, 202

F.3d 676, 685 (4th Cir. 2000); *Von Poole v. NBCI,* 2019 U.S. Dist. LEXIS 170768 (D. Md. 2019); *Hamer v. El Dorado County,* 2011 U.S. Dist. LEXIS 20436 (E. D. Ca. 2011).

    39.    The First Amendment forbids government officials from retaliating against individuals for speaking out. *Hartman v. Moore*, 547 U.S. 250, 256, 126 S. Ct. 1695, 164 L. Ed. 2d 441 (2006); *see also Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). See also, *Smith v. Campbell,* 2012 U.S. Dist. LEXIS 143294 (W.D. N.Y. 2012):

> Certainly, the right to complain to and about public officials is protected by the First Amendment. *See Franco v. Kelly*, 854 F.2d 584, 589 (2d Cir.1988); *Williams v. City of Carl Junction*, *Missouri* 480 F.3d 871, 874 (8th Cir. 2007) ("The criticism of public officials lies at the heart of speech protected by the First Amendment"). Malicious prosecution in retaliation for the exercise of such a right has been held as a sufficient basis for a retaliation claim under the First Amendment. *Id.*

    40.    The law is clear that a government official's retaliation against an individual for the exercise of his First Amendment rights is actionable under *42 U.S.C. 1983.* See, *Thompson v. Ohio State University,* 990 F. Supp. 2d 801 (E.D. Ohio 2014):

> A public official's retaliation against an individual for exercising First Amendment rights violates 42 U.S.C. § 1983. *Id.; see also AbdulSalaam v. Franklin Cnty. Bd. of Comm'rs*, 637 F. Supp. 2d 561, 584-85 (S.D. Ohio 2009)  (denying qualified immunity in First Amendment retaliation case; public official should have known that fabricating evidence against plaintiff in retaliation for complaining about a children's services agency investigation violated clearly established First Amendment rights).

See also, *Williams v. City of Carl Junction,* 480 F.3d 871 (8th Cir. 2007):

> The criticism of public officials lies at the heart of speech protected by the First Amendment, *New York Times Co. v. Sullivan*, 376 U.S.

8

254, 269-70, 84 S. Ct. 710, 11 L. Ed. 2d 686 (1964), and we have recognized that "[r]etaliation by a government actor in response to such an exercise of First Amendment rights forms a basis for § 1983 liability,"

41. O'Leath has suffered substantial damages as a result of the Defendants' retaliation against him. Among other things:

   A. O'Leath has sustained damages to his reputation.

   B. O'Leath has incurred considerable expense to place his children in a private school.

   C. O'Leath has incurred attorneys' fees to defend himself.

42. The Defendants are obligated to compensate O'Leath for such damages pursuant to *42 U.S.C. 1983.*

Wherefore, the Plaintiff respectfully requests this Honorable Court to enter judgment in favor of the Plaintiff and against the Defendants for compensatory damages in excess of the limits of the Arbitration Division of this Honorable Court and to grant Plaintiff any other relief that is equitable, just and appropriate.

### COUNT 2:

**Defendants violated Plaintiff's right to procedural due process:**

43. The Plaintiff hereby incorporates paragraphs 1 through 42 above as if set forth in their entirety.

44. As a taxpayer and resident of Plum Borough, O'Leath has the right to participate in school board meetings by virtue of the Sunshine Act. See, *65 Pa.C.S.710.1.*

45. The Defendants have conspired the deprive O'Leath of his rights by conducting a secret meeting and voting to ban O'Leath from all school properties

9

in Plum Borough.

46. The Defendants' actions have deprived O'Leath of his right to procedural due process as guaranteed by the Fourteenth Amendment.

47. Notice and the opportunity to be heard are the touchstones of due process. See, *Armstrong v. Manzo,* 380 U.S. 545, 85 S. Ct. 1187, 14 L.Ed. 2d 62 (1965):

> A fundamental requirement of due process is "the opportunity to be heard." *Grannis* v. *Ordean*, 234 U.S. 385, 394. It is an opportunity which must be granted at a meaningful time and in a meaningful manner.

See also, *Fuentes v. Shevin*, 407 U.S. 67, 80, 92 S. Ct. 1983, 1994, 32 L. Ed. 2d 556 (1971); *Boddie v. Connecticut*, 401 U.S. 371, 379, 91 S. Ct. 780, 786, 28 L. Ed. 2d 113 (1971).

48. The law is clear that the School District's failure to comply with O'Leath's rights to procedural process is actionable under *42 U.S.C. 1983.* See, *Colburn v. Upper Darby Township*, 838 F.2d 663 (3d Cir. 1988). See also, *Hanford Executive Management Association v. City of Hanford,* 2012 U.S. Dist. LEXIS 82093 (E.D. Ca. 2012); *Reyes v. County of Suffolk,* 995 f. Supp. 2d 215 (E.D. N.Y. 2014) ("the Court finds that the Plaintiff has successfully stated a claim for violation of procedural due process pursuant to 42 U.S.C. § 1983.").

49. In order to state a procedural due process claim under *42 U.S.C. 1983,* the plaintiff must show that "the state refuse[d] to provide a process sufficient to remedy the procedural deprivation." *Cotton v. Jackson*, 216 F.3d 1328, 1330-31 (11th Cir. 2000). See also, *East v. Clayton County,* 436 Fed.

10

Appx. 904 (11th Cir. 2011); *Patterson v. Yazoo City,* 847 F. Supp. 2d 924 (S.D. Miss. 2012).

50. In the present case, the Defendants failed to provide O'Leath with *any process.*

51. As a result of the Defendants' violation of O'Leath's due process rights, O'Leath has sustained the damages set forth in Count 1.

Wherefore, the Plaintiff respectfully requests this Honorable Court to enter judgment in favor of the Plaintiff and against the Defendants for compensatory damages in excess of the limits of the Arbitration Division of this Honorable Court and to grant Plaintiff any other relief that is equitable, just and appropriate.

## COUNT 3:

### O'Leath v. Dice and Dice Associates: Defamation

52. The Plaintiff hereby incorporates paragraphs 1 through 51 above as if set forth in their entirety.

53. On February 4, 2021, Defendant Dice published a letter which wrongfully asserted that O'Leath had "accosted a child" during the Action Meeting on January 26, 2021. A true and correct copy of Dice's letter is attached hereto as Exhibit "A."

54. Dice's accusation, that O'Leath had "accosted a child," was false.

55. Dice's statement was defamatory *per se* because it imputed criminal conduct to O'Leath. See, *Brinich v. Jencka,* 2000 Pa. Super. 209, 757 A.2d 388 (2000):

> Statements by a defendant imputing to the plaintiff a criminal
> offense, punishable by imprisonment, or conduct incompatible

11

with the plaintiff's business constitute slander *per se*. Restatement (Second) of Torts § 570 (a), (c). *See also Id.* at § 571 (discussing criminal conduct), § 573 (discussing imputations affecting business).

See also, *Agriss v. Roadway Express, Inc.,* 334 Pa. Super. 295, 483 A.2d 456 (1984).

56. As indicated, the defamatory letter was published to the Plum Borough School District and the Plum Borough Police Department.

57. At the time that Dice published the letter, he was acting as an agent for Dice Associates.

58. At the time that Dice published the letter, Dice was acting as the solicitor for the Plum District School District. Accordingly, the defamatory statement violated O'Leath's civil rights and is actionable under *42 U.S.C. 1983.* See, *Magni v. Times Shamrock Communications,* 2017 U.S. Dist. LEXIS 2821 (M.D. Pa. 2017):

> The Supreme Court has long held that an individual has a protectable interest in her reputation. *Wisconsin v. Constantineau*, 400 U.S. 433, 91 S. Ct. 507, 27 L. Ed. 2d 515 (1971); *see also Hill*, 455 F.3d at 235. To make out a claim for deprivation of a liberty interest in reputation, "a plaintiff must show a stigma to [her] reputation plus deprivation of some additional right or interest." *Hill*, 455 F.3d at 236 (emphasis removed) (citing *Paul v. Davis*, 424 U.S. 693, 701, 96 S. Ct. 1155, 47 L. Ed. 2d 405 (1976)…
>
> The materially false statement must infringe upon the "reputation, honor, or integrity" of the employee. *Brown v. Montgomery Cnty.*, 470 F. App'x 87, 91 (3d Cir. Mar. 21, 2012) (quoting *Ersek v. Township of Springfield*, 102 F.3d 79, 83-84 (3d Cir. 1996)).

See also, *Hill v. Borough of Kutztown,* 455 F.3d 225 (3d Cir. 2006); *Cannon v. City of West Palm Beach,* 250 F. 3d 1299 (11th Cir. 2001), and cases cited therein.

59. As a result of the defamation, O'Leath has suffered the damages set forth in Count 1.

Wherefore, the Plaintiff respectfully requests this Honorable Court to enter judgment in favor of the Plaintiff and against the Defendants for compensatory damages in excess of the limits of the Arbitration Division of this Honorable Court and to grant Plaintiff any other relief that is equitable, just and appropriate.

## COUNT 4:

### Defendants conspired to violate the Plaintiff's civil rights:

60. The Plaintiff hereby incorporates paragraphs 1 through 59 above as if set forth in their entirety.

61. O'Leath believes and therefore avers that the School Board conspired with its solicitor, Dice, to retaliate against O'Leath for the exercise of his First Amendment rights at the Action Meeting.

62. O'Leath has been advised that, after the meeting, the members of the Board conducted a private meeting which included Defendant Dice.

63. During the private meeting, the Board voted to retaliate against O'Leath by filing criminal charges against him for harassment.

64. The Board also voted to prohibit O'Leath from entry upon any of the School District's property.

65. Following the meeting, the members of the Board, along with Defendant Dice, engaged in a series of overt acts in furtherance of the conspiracy.

66. One of the Board Members called the Child Abuse Hotline and

accused O'Leath of "harassment" of Krista Casper's daughter.

67.  On January 28, 2012, a Plum Borough police officer visited Krista Casper at her home and asked if she was willing to file harassment charges against O'Leath. Ms. Casper declined.

68.  On February 4, 2021, Defendant Dice sent a letter to O'Leath, which wrongfully asserted that O'Leath had "accosted a child" during the Action Meeting on January 26, 2021.

69.  The Defendants' conspiracy to violate O'Leath's constitutional rights is actionable under *42 U.S.C. 1985.* See *Griffin v. Breckenridge*, 403 U.S. 88, 102-03, 91 S. Ct. 1790, 1798-99, 29 L. Ed. 2d 338 (1971); *Bougher v. University of Pittsburgh*, 882 F.2d 74, 79 (3d Cir. 1989).

70.  In *Jutrowski v. Township of Riverdale,* 904 F.3d 280 (3d Cir. 2018), the Third Circuit set forth the elements of such a conspiracy claim as follows:

> The elements of a claim of conspiracy to violate federal civil rights are that "(1) two or more persons conspire to deprive any person of [constitutional rights]; (2) one or more of the conspirators performs… any overt act in furtherance of the conspiracy; and (3) that overt act injures the plaintiff in his person or property or deprives the plaintiff of any right or privilege of a citizen of the United States.

See also, *Barnes Foundation v. Township of Lower Merion*, 242 F.3d 151 (3d Cir. 2001).

71.  All of these elements are present in the within case.

72.  As a result of the Defendants' conspiracy, O'Leath has suffered the damages set forth in Count 1.

Wherefore, the Plaintiff respectfully requests this Honorable Court to enter judgment in favor of the Plaintiff and against the Defendants for compensatory

damages in excess of the limits of the Arbitration Division of this Honorable Court and to grant Plaintiff any other relief that is equitable, just and appropriate.

## COUNT 5:

### Claim for attorneys' fees pursuant to *42 U.S.C. 1988:*

73. The Plaintiff hereby incorporates paragraphs 1 through 72 above as if set forth in their entirety.

74. *42 U.S.C. 1988* provides in relevant part that a plaintiff in a civil rights action may cover reasonable attorneys' fees as part of the costs.

75. O'Leath hereby requests recovery of his reasonable attorneys' fees pursuant to *42 U.S.C. 1988.*

Wherefore, the Plaintiff respectfully requests this Honorable Court to enter judgment in favor of the Plaintiff and against the Defendants for compensatory damages in excess of the limits of the Arbitration Division of this Honorable Court and to grant Plaintiff any other relief that is equitable, just and appropriate.

Respectfully Submitted,

*/s/ James R. Cooney*
JAMES R. COONEY
PA I.D. #32706

ROBERT O LAMPL
PA I.D. #19809

RYAN J. COONEY
PA I.D. #319213

SY O. LAMPL
PA.I.D. #324741

ALEX L. HOLMQUIST
PA I.D. #314159

Benedum Trees Building
223 Fourth Avenue, 4th Floor
Pittsburgh, PA 15222
(412) 392-0330 (phone)
(412) 392-0335 (facsimile)

# BRUCE E. DICE & ASSOCIATES, P.C.
## ATTORNEYS AT LAW
787 Pine Valley Drive, Suite E, Pittsburgh, PA 15239-2842   TEL # 724-733-3080   FAX # 724-327-9659

February 4, 2021

*Sent via Regular and Certified Mail*
Nathan O'Leath
54 Sierra Drive
Pittsburgh, PA 15239

RE: *DEFIANT TRESPASS NOTICE*

Mr. O'Leath:

Be advised the above captioned law firm represents the Plum Borough School District ("District"). Let this letter serve as NOTICE pursuant to 18 P.S. §3503 (Defiant Trespass) that you are NO LONGER LICENSED OR PRIVILEGED TO ENTER UPON OR REMAIN AT ANY OF THE PROPERTIES OWNED BY THE PLUM BOROUGH SCHOOL DISTRICT. Should the District learn that there has been a violation of this NOTICE, you will be removed from the property and punitive legal action will be taken against you by the District. Stated again, IF YOU SHOULD ENTER OR REMAIN AT ANY PROPERTIES OWNED BY THE PLUM BOROUGH SCHOOL DISTRICT, YOU WILL BE CRIMINALLY CHARGED WITH DEFIANT TRESPASS.

This defiant trespass notice shall be applicable to all District properties, including but not limited to:

Senior High School: 900 Elicker Rd., Pittsburgh, PA 15239
O'Block Junior High School: 440 Presque Isle Dr., Pittsburgh, PA 15239
Pivik Elementary: 151 School Rd., Pittsburgh, PA 15239
Center Elementary: 201 Center New Texas Rd., Plum, PA 15239
Holiday Park Elementary: 313 Holiday Park Dr., Plum, PA 15239
Regency Park Elementary School: 4795 Havana Drive, Pittsburgh, PA 15239

This defiant trespass notice is being sent due to your actions of accosting a child during your public comment at the Plum Borough School District's January 26th, 2021 action meeting. This defiant trespass notice shall fully and finally expire on June 30th, 2021.

Sincerely,
BRUCE E. DICE & ASSOCIATES, P.C.

Dayne F. Dice, Esquire
Attorney for the Plum Borough School District

cc:
Plum Borough School District
Plum Borough Police Department

# EXHIBIT A

BRUCE E. DICE
bdice@dicelaw.com

ROBERT A. ZUNICH
rzunich@dicelaw.com

CRAIG H. ALEXANDER
calexander@dicelaw.com

PAUL D. ZAVARELLA
pzavarella@dicelaw.com

CHELSEA DICE
cdice@dicelaw.com

DAYNE F. DICE
ddice@dicelaw.com

PATRICK S. HEALY, OF COUNSEL
patrick.stephen.healy@gmail.com

## VERIFICATION

The undersigned avers that the statements of fact contained in the foregoing **Complaint** are true and correct to the best of his knowledge, information and belief, and are made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

Dated: 3-8-21

Nathan O'Leath