IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATHAN O'LEATH, ) | | |
| ) | | |
| Plaintiff, ) | | Civil Action No. 21-544 |
| ) | | |
| v. ) | | Judge Cathy Bissoon |
| ) | | |
| THE PLUM BOROUGH SCHOOL ) | | |
| DISTRICT, DAYNE E. DICE *and* ) | | |
| BRUCE E. DICE & ASSOCIATES, P.C., ) | | |
| ) | | |
| Defendants. ) | | |

## ORDER

The Dice Defendants' Motion to Dismiss (Doc. 8) will be granted, as follows. Plaintiff is a resident within the Plum Borough School District, and Defendants are counsel for the School District. Plaintiff alleges that, after a contentious school board meeting, Defendants filed criminal charges against him; prohibited him from entering school property; and removed his comments from the video of the school board meeting. (Doc. 1-2). Plaintiff brings First Amendment, procedural due process and defamation claims under 42 U.S.C. § 1983, and a conspiracy claim under 42 U.S.C. § 1985. *Id.*

Plaintiff's Section 1983 and 1985 claims fail because Defendants are not state actors. *See* Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999) ("[a]ttorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court"). Furthermore, for an attorney's conduct to be actionable, it must occur outside the scope of representation, and for the lawyer's "sole personal benefit." Heffernan v. Hunter, 189 F.3d 405, 412 (3d Cir. 1999) (holding same under Section 1985). There are no plausible allegations that the Dice attorneys acted outside the scope of the

traditional attorney-client relationship; or that they were motivated by, or received, personal benefit.  Under the circumstances, Plaintiff's Section 1983 and 1985 claims are subject to dismissal.[1]

As highlighted by defense counsel, Plaintiff has not alleged a state law claim for defamation.  Even if he had, Defendants would be entitled to absolute privilege.  *See* Pawlowski v. Smorto, 588 A.2d 36, 41-42 (1991) (privilege extends to "information given and informal complaints made to a prosecuting attorney or other proper officer preliminary to a proposed criminal prosecution[,] whether or not the information is followed by a formal complaint") (citation to quoted source omitted).  Importantly, moreover, the Court − having dismissed all of the federal claims against these Defendants − would decline to exercise supplemental jurisdiction in any event.  *See* Bright v. Westmoreland Cnty., 380 F.3d 729, 751 (3d Cir. 2004) ("absent extraordinary circumstances, where the federal causes of action are dismissed[,] the district court should ordinarily refrain from exercising [supplemental] jurisdiction").

Consistent with the foregoing, the Dice Defendants' Motion to Dismiss (**Doc. 8**) is **GRANTED**.  Given that there is no reason to believe that the deficiencies can be cured by amendment, the dismissal of the claims against these Defendants is with prejudice.

IT IS SO ORDERED.

December 17, 2021                                       s\Cathy Bissoon
                                                        Cathy Bissoon
                                                        United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[1] Plaintiff's claim for attorney's fees under 42 U.S.C. § 1988 likewise fails.  Section 1988 does not create an independent cause of action, and the failure of his other federal claims precludes recovery under Section 1988.